```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

DAVID D. DANNER, ESQ.            )
                                 )
        Plaintiff,                )
                                 )
   v.                            )     Case No. 3:06-0687
                                 )     Judge Echols
TENNESSEE COMMISSION ON          )
CONTINUING LEGAL EDUCATION       )
AND SPECIALIZATION OF THE        )
TENNESSEE SUPREME COURT,         )
DAVID N. SHEARON,                )
                                 )
        Defendants.              )

### MEMORANDUM

Pending before the Court is Plaintiff's Motion to Re-Open Case (Docket Entry No. 19). Also pending is Defendants' Motion to Dismiss Amended Complaint (Docket Entry No. 25). Both motions have been fully briefed by the parties.

### I. FACTS

Plaintiff, David D. Danner, is a licensed Tennessee lawyer in private practice. He sued the Tennessee Commission on Continuing Legal Education and Specialization of the Tennessee Supreme Court ("Commission") and its Executive Director David N. Shearon ("Shearon") after a dispute arose as to the number of Plaintiff's Continuing Legal Education ("CLE") credits for calendar year 2005. The events giving rise to the dispute, as well as those giving rise to the present posture of this case, are as follows.

1

Plaintiff was sent a Notice of Non-Completion by the Commission, dated March 31, 2006, advising Plaintiff he had not yet completed the Continuing Legal Education requirement for 2005 and that he needed 1.5 hours of general credit and .5 hours of ethics/professionalism credit by June 1, 2006 to come into compliance. That Notice of Non-Completion advised Plaintiff that a delinquent compliance fee of $200 would be due for any failure to complete the CLE requirements and to submit an Affidavit of Completion by June 1, 2006.

Plaintiff contends he took two additional hours of CLE at a seminar on May 24, 2006, which included a class discussion on ethics/professionalism. Plaintiff claims he timely completed and submitted an Affidavit of Completion to the Committee before June 1, 2006, and stated in that Affidavit that .5 hours of ethics/professionalism and 1.5 hours of general credit had been completed.

Plaintiff alleges the Committee sent him an e-mail indicating that his Affidavit was false or incorrect based on the official course description submitted by the CLE provider and that the CLE class he attended did not include an ethics and professionalism component. Plaintiff contends that he requested a hearing from the Commission on the issue of the actual content of the CLE course, as opposed to the program description submitted by the provider, and was informed that the Commission does not receive testimony from

2

lawyers and does not conduct formal hearings. Plaintiff was advised by the Commission to pay the $200 delinquent compliance fee by July 3, 2006, or face suspension of his law license. Plaintiff did not pay the $200 compliance fee at that time.

On July 3, 2006, Defendant issued to plaintiff a draft Order of Summary Suspension for failure to comply with the Rules for Mandatory Continuing Legal Education. Plaintiff instituted the instant action on July 13, 2006.

On August 10, 2006, Plaintiff submitted an affidavit to the Commission contending that he was entitled to 204 credit hours of CLE for undergraduate legal courses he taught at Tennessee State University ("TSU") over the preceding eight years. In response, on August 14, 2006, the Commission requested additional information on the classes (including any ethical component) in order to determine whether the classes satisfied the ethics requirement of the Supreme Court's Rule on Mandatory Continuing Legal Education. That same day, Plaintiff filed an Emergency Motion for Temporary Restraining Order which would enjoin the Defendants from submitting the draft suspension order to the Tennessee Supreme Court and/or enjoining that court from entering a suspension order in relation to Plaintiff's license to practice law.

Judge Haynes held a hearing on the requested restraining order on August 18, 2006. During the course of the hearing, the Commission became aware of the nature of the undergraduate classes

3

taught by the Plaintiff at TSU. During the hearing, the Commission agreed to award Plaintiff additional credits, including ethics credits, for the classes taught at TSU, and with that decision Plaintiff was in compliance with the CLE requirements for 2005.

While the Commission's concession appeared to resolve the issue of whether Plaintiff had enough CLE hours for 2005, there remained the question of the $200 non-compliance fee. That issue was addressed with the parties by Judge Haynes in the following colloquy:

> THE COURT: Yes, but -- okay. But the hours is a moot issue. They are going to take your word on how much hours you spent on ethics. That's not an issue. The only issue is the $200. And the $200, he is saying under their rules, if you had told them today what you -- if you had told them today before May 31, then they could lift the $200. But since you didn't tell them by May 31, under their rules, they can't lift the $200. Can the commission lift it?
> MR. SHEARON: The Commission could, Your Honor.
> THE COURT: Well, you can apply to the Commission as to the lifting of the $200.
> MR. DANNER: Okay.
> THE COURT: All right. I really think this issue is moot. Do you take issue with that, Mr. Danner?
> MR. DANNER: No, Your Honor. I don't take issue with that. Mr. Shearon was not under oath, but --
> THE COURT: I take his word. He has made an admission as a party in open court.
> MR. DANNER: I understand. Well, based upon that statement, yes, Your Honor, I will consider the issue moot.
> THE COURT: All right. Well, is the lawsuit moot?
> MR. DANNER: Based upon Mr. Shearon's statements that the lawsuit would be moot on that issue, Your Honor.
> THE COURT: All right. Well, I'll tell you what. Why don't you file your letter, and I will close this with the right to reopen in 60 days, and see what the Commission does.
> MR. DANNER: Thank you.

4

THE COURT: We're in recess.

(August 18, 2006 Hrg. Tr. at 62-64).

True to its word, the Commission credited Plaintiff with 252 CLE hours, including 8.5 hours of ethics based on the information provided at the preliminary injunction hearing. On August 30, 2006, Plaintiff paid the $200 delinquent compliance fee and did not seek a waiver of that fee.

Sixty days after the Order provisionally dismissing the case, Plaintiff filed the presently pending Motion to Re-Open, along with an Amended Complaint. Defendants' Motion to Dismiss followed.

## II. LEGAL ANALYSIS

### A. Motion To Re-Open Case

Defendants oppose Plaintiff's Motion to Re-Open. It is their position that the case is moot, and that Plaintiff conceded this during the hearing on his request for a preliminary injunction. In the Court's view, Defendants read Plaintiff's statements during the hearing too broadly and, perhaps more importantly, his Amended Complaint too narrowly.

A fair reading of the transcript before Judge Haynes suggests that Plaintiff never conceded that the entire case was moot, only that the issue about his credit hours and possibly the non-compliance fee was resolved. Moreover, Judge Haynes did not dismiss the case with prejudice; he merely dismissed it as being moot, leaving the possibility that it could be reopened.

5

More importantly, whatever concessions may be said to have been made by the Plaintiff have been effectively mooted by virtue of the fact that he filed a Motion to Reopen Case and an Amended Complaint within the time period for reopening the case. That Amended Complaint, as will be explained in greater detail in the next section, raises claims about the Commission and its application of the CLE rules not only in regard to Plaintiff himself, but, purportedly, also on behalf of other Tennessee lawyers. The Court therefore determines that Plaintiff should be allowed to reopen this case.

**B. Motion to Dismiss**

Defendants raise a number of claims in support of their contention that this case should be dismissed for failure to state a claim. Those arguments will be considered after a review of the standards governing motions to dismiss.

**1. Governing Standard of Review**

In evaluating an Amended Complaint under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff, accept the factual allegations as true, and determine whether Plaintiff can prove any set of facts consistent with his Amended Complaint which would entitle him to relief. Wyser-Pratt Mgt., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005). The Court need not, however, accept as true legal conclusions or

6

unwarranted factual inferences. Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005).

### 2. Proper Defendants

Defendants argue this Court should dismiss this case as to Defendant Commission because it is a state agency. They also contend that the claims against Defendant Shearon in his individual capacity should be dismissed.

Turning first to the Commission, Plaintiff alleges that the Commission "is a board created by the Tennessee Supreme Court and is thus an agency of the State of Tennessee employing persons who are employees of the State of Tennessee[.]" (Amended Complaint ¶ 6). However, Plaintiff then goes on to conclusorily assert that the Commission "poses no immunity from suit in federal court via the Eleventh Amendment," presumably because the Commission "is self-financed by annual taxes on Tennessee lawyers." Id.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. 11. "This immunity is far reaching" and "bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments." Thiokol Corp. v. Dept. of Treasury, 987 F.2d 376, 380 (6th Cir. 1993).

7

The Commission was established in 1987 by Tennessee Supreme Court Rule 21. The Commission consists of eleven members whose purpose is to implement and monitor the Continuing Legal Education program for Tennessee. After the first year of its existence, the Commission was to be funded by fees from attendees and providers of CLE programs. Tenn. Sup. Ct. R. 21.

The parties have not cited, nor has the Court found, any cases which address whether the Commission should be deemed a state agency. However, courts in other jurisdictions have found that boards which are subject to the oversight and supervision of a state supreme court are agencies of the state for purposes of the Eleventh Amendment. See, Dubuc v. Michigan Bd. of Law Examiners, 342 F.3d 610, 615 (6th Cir. 2003)(Michigan Board of Law Examiners and State Bar of Michigan are state agencies for purposes of the Eleventh Amendment); Lucas v. Disciplinary Board, 128 Fed. Appx. 235, 237 (3d Cir. 2005)(Disciplinary Board of the Pennsylvania Supreme Court was an arm of the state); Thiel v. State Bar of Wisconsin, 94 F.3d 399, 410-02 (7th Cir. 1996)(State Bar of Wisconsin is a state agency entitled to Eleventh Amendment immunity). Given this precedent, and in light of the fact that the Tennessee Supreme Court implemented Rule 21 requiring continuing legal education and oversees the operation of the Commission, the

Court finds that the Commission is an agency of the state for purposes of the Eleventh Amendment.[1]

Moreover, as a state agency, the Commission is not liable under 42 U.S.C. §§ 1983 and 1985 because it is not a person for purposes of those statutes. Howlett v. Rose, 496 U.S. 356, 383 (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989). Therefore, the Court will dismiss the Commission from this lawsuit.

The Court will not dismiss the claims against Defendant Shearon, either in his official or individual capacity. The Amended Complaint seeks prospective injunctive relief, not money damages for past alleged wrongs.

"The Eleventh Amendment does not bar actions brought against state officials in their official capacities seeking prospective injunctive relief." Stringfield v. Graham, 2007 WL 62360 at *5 (6th Cir. 2007). Likewise, "Eleventh Amendment immunity does not apply to suits for prospective injunctive relief brought against

---

[1] The Court recognizes that the Commission is funded by fees paid by the providers and participants of CLE courses and thus if Plaintiff was seeking monetary relief any damages theoretically would not be paid by the state. However, the fact that the state treasury is not at risk is not dispositive. Dubuc, 342 F.3d at 615 (record did not show whether state would be responsible for money damages but Board and Bar were immune from suit because those entities were "merely extensions of the Michigan Supreme Court"); Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000)(judicial defendants not subject to suit in federal court even though they were funded by local money where they did not have significant autonomy from the Pennsylvania Supreme Court).

9

defendants acting in their individual capacities." Wittman v. Saenz, 108 Fed. Appx. 548, 552 (9th Cir. 2004)[2]; see also, Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002)(Plaintiff could maintain claim against individual defendants for declarative and injunctive relief in their individual capacities).

### 3. **Viability of Claims**

Defendants assert Plaintiff cannot establish the denial of his constitutional rights. As such, Defendants assert this entire case should be dismissed.

The Court is presented with a Motion to Dismiss and hence is limited to examining whether the Amended Complaint, read as a whole and in a light most favorable to Plaintiff, sets forth claims which would entitle him to relief were he to prevail. The Court must conclude that the Amended Complaint sets forth viable claims sufficient to withstand dismissal for failure to state a claim.

Plaintiff makes allegations that he was defamed and that his due process rights were violated by the actions of the Defendants with respect to his CLE credits for calendar year 2005. Plaintiff appears to concede[3] that were that all, his complaint would be

---

[2]Similarly, qualified immunity does not bar a claim for prospective injunctive relief. Id.; see also, Hill v. Borough of Kutztown, 455 F.3d 225, 244 (3d Cir. 2006)(collecting cases)("defense of qualified immunity is available only for damages claims – not for claims requesting prospective injunctive relief."

[3]In his response to the Motion to Dismiss, Plaintiff asserts that "the Rooker-Feldman doctrine nevertheless permits Plaintiff lawyer to seek general prospective constitutional relief in federal

10

subject to dismissal under the Rooker-Feldman[4] doctrine on the theory that state courts should resolve constitutional questions arising from state proceedings. See, Riley v. Louisiana State Bar Ass'n, 2007 WL 187108 at *2 (5th Cir. 2007).

However, Plaintiff's Amended Complaint is broader than merely an assertion that his rights were violated. As the Supreme Court observed in Feldman, 460 U.S. at 486, federal district courts "have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case."[5] In other words, the Rooker-Feldman doctrine does not prohibit a plaintiff from presenting a generally applicable legal challenge to a state regulation in federal court, even if that regulation has previously been applied against him in state proceedings. Mothershed v. Justice of Supreme Court, 410 F.3d 602, 606 (9th Cir. 2005).

---

district court concerning state-court administrative rules that violate the constitutional rights of *all* lawyers." (Docket Entry No. 28 at 1, italics in original).

[4]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[5]While the Rooker-Feldman doctrine arose in relation to state court judgments, it has been applied to state bar committee proceedings where the committee is created by a state supreme court, operates pursuant to rules promulgated by that court, and is subject to review by that court. Mosby v. Ligon, 418 F.3d 927, 932 (8th Cir. 2005)(collecting cases).

11

Recently, in Fieger v. Ferry, 471 F.3d 637 (6th Cir. 2006), the Sixth Circuit addressed the Rooker-Feldman doctrine in the context of a challenge by attorney Geoffrey Fieger to the district court's dismissal of his case involving the refusal of certain Michigan Supreme Court Justices to recuse themselves from cases in which Fieger was involved. In dismissing the entire action, the district court observed:

> The substance and language of the Complaint make clear that Plaintiff's constitutional challenge is not "general" at all; rather the Complaint's factual and legal allegations are exclusively limited to the manner in which Plaintiff believes the Justices violated his rights or the rights of his clients by refusing to recuse themselves. Plaintiff's factual allegations are entirely specific to the Justices' political censure of him and their rejection of his motions for recusal. More conspicuously, Plaintiff's legal claims are limited to the alleged injury to his constitutional rights caused by the Justices' decision not to recuse themselves. Indeed, the very manner in which Plaintiff frames the issue presented by his putative challenge betrays his intention to relitigate issues that were prominent in the state proceedings. Certainly, there may be situations where a portion of a complaint stating a general challenge may be permitted to proceed even though the general thrust of the complaint presents an as-applied challenge. However, where, as here, a complaint is devoid of any legal or factual claim that is independent of previous state court proceedings, the Rooker-Feldman doctrine requires dismissal.

Fieger, 471 F.3d at 641.

The Sixth Circuit affirmed dismissal of Fieger's claims challenging past recusal decisions, including Fieger's request for a declaration that the defendants violated his constitutional

12

rights.[6] However, with respect to Fieger's broader challenge to Michigan's recusal rule, the Sixth Circuit reversed the district court because that challenge was independent of the past state court judgments. In this case, while Plaintiff makes assorted allegations related to the events surrounding his CLE credits for 2005, he also makes much broader allegations, purportedly on behalf of all Tennessee lawyers.

For example, Plaintiff claims that hundreds of Tennessee lawyers were subjected to a draft Order of Summary Suspension for Failure to Comply with the Rules for Mandatory Continuing Legal Education and were subjected to summary suspension. (Amended Complaint ¶ 15). Plaintiff also alleges that Rule 21, and specifically sections 7.07 and 7.11 which deal with summary suspensions, contain no pre-deprivation hearing right and therefore deprive Tennessee lawyers of due process. (Id. ¶ 17 & 18). Plaintiff further contends that although they are similarly situated to other state-regulated professionals, Tennessee lawyers are denied equal protection of the law because they, unlike other professionals, are not given notice and provided a hearing prior to suspension of their licenses. Plaintiff additionally claims that

---

[6]The Sixth Circuit also noted a declaratory judgment relating to past conduct is an "inappropriate mechanism to address allegations of harm" since the "'purpose served by the declaratory judgment action is the clarification of legal duties for the future, rather than the past harm of a coercive tort action." Id. at 644 n.3.

13

Tennessee lawyers are "being shortchanged on CLE credits and also overcharged by Defendants on resultant taxes and fees" by Defendants' intentional failure to adequately apprise Tennessee lawyers of their right to earn CLE credit for *pro bono* work and for teaching legal courses at approved colleges.

Perhaps the most significant sign that Plaintiff is claiming to act on behalf of other lawyers in regard to Tennessee's CLE scheme and its enforcement by Defendants is his prayer for relief. Save for his request that the Court enter a declaratory judgment that the Defendants violated his constitutional rights (which Fieger makes clear is barred by the Rooker-Feldman doctrine) and his claim that he is entitled to an award of attorney fees and court costs for that violation.[7] Plaintiff's prayer relates exclusively to the future application of Tennessee Supreme Court Rule 21, not his dispute with the Commission over his calendar year 2005 CLE credits. Specifically, Plaintiff requests that the Court: enter "a declaratory judgment that certain provisions of Rule 21 of the Tennessee Supreme Court are unconstitutional"; "enjoin any policy, practice, or conduct by Defendants deemed to be in

---

[7]Leaving aside that Plaintiff cannot prevail on this claim since declaratory judgments relate to declaration of future rights as opposed to past wrongs, it would appear that Plaintiff would not be able to recover attorney fees on this claim in any event. Although not raised by the Defendants, the Court observes that federal courts have consistently held pro se plaintiffs who are not lawyers are not entitled to attorney's fees under Section 1988 and this rule was extended by the Supreme Court in Kay v. Ehrler, 499 U.S. 432 (1991) to pro se plaintiffs who also happen to be lawyers.

14

violation of the federal and state constitution"; "exercise its inherent powers to modify local rules to comply with Theard"[8]; and "order Defendants to conspicuously inform Tennessee lawyers of their right to receive CLE credit for *pro bono* work and for legal instruction." (Amended Complaint at 10-11).

Given the Sixth Circuit's decision in Fieger and its application of the Rooker-Feldman doctrine, the Court concludes that Plaintiff's Amended Complaint states claims upon which relief can be granted insofar as Plaintiff makes a constitutional challenge to the prospective application of Rule 21. However, to the extent that Plaintiff is claiming he was injured by the actions of the Defendants in relation to the application of Rule 21 to him in the past, those claims are subject to dismissal under the Rooker-Feldman doctrine.

## IV. CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Re-Open Case (Docket Entry No. 19) will be granted. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry No. 25) will be granted in part and denied in part. The Motion will be granted insofar as it seeks dismissal of the Commission as a Defendant to these proceedings, but denied insofar as it seeks dismissal of the

---

[8]In Theard v. United States, 354 U.S. 278, 281 (1957), the Supreme Court held the fact that state bar membership is a requirement for admission to a federal bar does not mean that loss of state bar membership requires automatic disbarment from the federal bar.

15

claims against Defendant Shearon in his official and individual capacities.  The Motion will also be granted with respect to Plaintiff's request that a declaratory judgment be entered on his claim that Defendants violated his constitutional rights in 2005.  The Motion will be denied insofar as Plaintiff seeks declaratory and prospective injunctive relief relating to the constitutionality of Tennessee Supreme Court Rule 21 and its application.

    An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

16