UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| DAVID E. DANNER, Esq. ]<br>    Plaintiff, ]<br>    ]<br>v. ]<br>    ]<br>COMMISSION ON CONTINUING LEGAL ]<br>EDUCATION AND SPECIALIZATION OF ]<br>THE TENNESSEE SUPREME COURT and ]<br>DAVID SHEARON ]<br>    Defendants. ] | No. 3:06-0687<br>Echols/Brown |

To:     Honorable Robert L. Echols, Senior District Judge

### R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No. 33) entered June 27, 2007, the Court referred this action to the Magistrate Judge "pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) for pre-trial case management, decisions on all pre-trial, non-dispositive motions, and the issuance of a Report and Recommendation on any dispositive motion."

Presently pending before the Court is a Motion for Summary Judgment (Docket Entry No. 43) from the defendant, David Shearon; plaintiff's Response in Opposition to the Motion for Summary Judgment (Docket Entry No. 46); plaintiff's Motion to Repeal Local Rule 83.01(e)(2)(Docket Entry No. 52); plaintiff's Motion for Summary Judgment (Docket Entry No. 60); and defendant's pleading in Opposition to Plaintiff's Motion for Summary Judgment (Docket Entry No. 63).

1

The undersigned has conducted a review of these pleadings and the record in this case and respectfully recommends, for the reasons stated below, that plaintiff's Motion for Summary Judgment lacks merit and should be denied. It is further recommended that plaintiff's Motion to Repeal Local Rule 83.01(e)(2) also be denied. Finally, the Magistrate Judge finds merit in the defendant's Motion for Summary Judgment. Consequently, said motion should be granted and this action be dismissed.

**I. Background**

The plaintiff, proceeding *pro se*, is an attorney from Antioch, Tennessee. In order to maintain his Tennessee law license in good standing, he is required each calender year to attend, or complete an approved substitute for attendance, a minimum of twelve (12) hours of approved continuing legal education (CLE). Beyond this, the plaintiff must complete three additional hours "of approved continuing legal education in courses dealing with ethics and professionalism." Rule 21, § 3.01 of the Rules of the Tennessee Supreme Court.

On March 31, 2006, the plaintiff received a Notice of Non-Completion from the Commission on Continuing Legal Education and Specialization (Commission) informing him that he had not earned enough CLE credits for 2005. More specifically, the plaintiff was told that he was short 1.5 hours of general CLE credit and 0.5 hours of ethics/professionalism credits. The Notice of Non-Completion stated that the plaintiff had until June 1, 2006 in which to submit to the Commission an affidavit certifying that he had cured this deficiency or face a delinquent compliance fee of two hundred dollars ($200). Docket Entry No. 20 at pg. 4, ¶ 10.

On May 24, 2006, the plaintiff attended a seminar entitled "How To Successfully Collect on Judgments" to earn the CLE hours he needed. Docket Entry No. 10; Exhibit A. He sent the

2

Commission an affidavit attesting to his attendance at the class. "Plaintiff's affidavit was based on the content of the CLE course *as perceived by the Plaintiff* during his time sitting in class and learning from the instructors and other attendees of the CLE class which time included a class Q&A period on ethics and professionalism" (emphasis added). Docket Entry No. 61 at pg. 2, ¶ 3.

Apparently, the official course description provided to the Commission by the CLE provider stated that the class did not include an ethics/professionalism component. Consequently, the plaintiff was informed by e-mail that his affidavit was inaccurate because he remained short 0.5 hours of ethics training.[1] The plaintiff was directed to amend his affidavit and submit the delinquent compliance fee or face summary suspension of his law license. Docket Entry No. 20 at pg. 5, ¶ 13. On August 30, 2006, the plaintiff paid the delinquent compliance fee to avoid the loss of his law license.[2]

## II. Procedural History

On July 13, 2006, the plaintiff filed a *pro se* complaint (Docket Entry No. 1) initiating this action. He named the Commission and its Executive Director, David Shearon, as defendants and sought declaratory, injunctive and monetary relief.[3] The plaintiff's claims included defamation,

---

[1] The Commission sent the plaintiff an Annual Report Statement dated July 21, 2006 which reflects the total CLE credits accrued by him for the calender year 2005. Docket Entry No. 10; Exhibit A.

[2] At a hearing before Judge Haynes on August 18, 2006, the Commission agreed to credit the plaintiff for time spent teaching business law as an adjunct professor at Tennessee State University. This resolved the issue of completing enough credits to satisfy plaintiff's CLE obligation for 2005. The plaintiff did not seek a waiver of the delinquent compliance fee. Docket Entry No. 32 at pgs. 3-5.

[3] The case was originally assigned to the Honorable William J. Haynes, Jr. However, by an order (Docket Entry No. 27) entered on November 14, 2006, Judge Haynes recused himself and the case was reassigned to the docket of the Honorable Robert L. Echols.

3

violations of the First, Fifth and Fourteenth Amendments, retaliation, conspiracy, and violations of the Tennessee Constitution.

In August, 2006, based upon statements made by the parties in open court, this action was dismissed without prejudice as moot. Docket Entry No. 15. Shortly thereafter, though, the plaintiff filed a motion to reopen the case (Docket Entry No. 19) along with an amended complaint (Docket Entry No. 20). By an order (Docket Entry No. 33) entered June 27, 2007, the plaintiff's motion to reopen this case was granted. All claims against the Commission were dismissed. The order also dismissed all claims against David Shearon for past alleged violations of the plaintiff's rights. It was further noted, however, that "Plaintiff's claims for prospective declaratory and injunctive relief in regard to the application and constitutionality of Tennessee Supreme Court Rule 21 will remain pending." Docket Entry No. 33 at pg. 2.

### III. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations

4

contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. <u>Celotex Corporation v. Catrett</u>, 106 S.Ct. 2548, 2553 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. <u>Id.</u>, at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. <u>First National Bank of Arizona v. Cities Service Co.</u>, 88 S.Ct. 1575 (1968).

## IV. Analysis of the Claims

**A.) Procedural Due Process**

The Fourteenth Amendment prohibits States from depriving its citizens of life, liberty or property without due process of law. <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963 (1974). The procedural component of the Due Process Clause requires a State to provide an individual with an opportunity to be heard in a meaningful manner before the decision is made to infringe upon his life, liberty or property. <u>Loudermill v. Cleveland Board of Education</u>, 721 F.2d 550, 563 (6th Cir. 1983), *aff'd* 105 S.Ct. 1487 (1985).

An attorney has a property interest in his law license, and he maintains that property interest by complying with the annual administrative requirements set forth by the state body authorized to

govern the licensing of local attorneys. *See* Greening v. Moran, 739 F.Supp. 1244, 1251-52 (C.D. Ill. 1990). Thus, the suspension of an attorney's license to practice law does have due process implications. In re Ming, 469 F.2d 1352, 1355 (7th Cir. 1972).

The plaintiff's due process claims are predicated on his belief that "Section 7.07 of Rule 21 of the Tennessee Supreme Court is unconstitutional pursuant to both state-standard and federal-standard due process arising from the absence of a predetermination hearing prior to the suspension from law practice of the Tennessee lawyer." Docket Entry No. 60.

Section 7.07 of Rule 21 of the Tennessee Supreme Court states as follows :

> On August 15, the Commission shall submit to the
> Supreme Court a final Suspension Order listing
> all attorneys with active Tennessee law licenses
> who failed to comply with this Rule for the preceding
> calender year. Also on August 15, the Commission
> shall notify the Board of Professional Responsibility
> of the names of all licensed attorneys who have retired,
> taken inactive status, been suspended, or whose license
> to practice law in this state is otherwise inactive, and
> who failed to comply with the requirements of the Rule.
> The Supreme Court will review the final Suspension
> Order and, upon the Court's approval, shall enter the
> Suspension Order suspending the law license of each
> attorney listed in the order. The Board of Professional
> Responsibility shall not reactivate the license of any
> attorney whose license is suspended pursuant to this
> Rule until the Commission certifies completion of a
> program of remedial continuing legal education
> satisfactory to the Commission.

As dictated by § 7.07 of Rule 21, when an attorney in Tennessee fails to timely satisfy his annual CLE obligation and pay all requisite fees, he is subject to the suspension of his license to

6

practice law.[4] Before the suspension of his license, however, the Commission is required to provide the lawyer with notice of his deficiency. Rule 21, § 7.02. The attorney is then given an opportunity to cure the deficiency and notify the Commission of his compliance. Id. at § 7.04. If the attorney still has not met his CLE obligation, the Commission annually will draft a "Suspension Order to the Supreme Court for informational purposes", a copy of which is sent to the delinquent lawyer. Id. at § 7.05. All attorneys listed in the draft Suspension Order may then file an affidavit with the Commission showing completion of the CLE requirement. Id. at § 7.06. If no such affidavit is forthcoming, a final Suspension Order is sent to the Supreme Court for consideration. Id. at § 7.07.

The plaintiff does not dispute the fact that he received ample notification that his license was in jeopardy because of a shortage of appropriate CLE credits. Docket Entry No. 20 at pg. 4, ¶¶ 10-12. The attorney "may request a hearing before the Commission in regard to a recommendation of suspension or a recommendation against reinstatement. Additionally, any attorney not finding suitable relief before the Commission may petition the Supreme Court for modification or reversal of actions of the Commission." Rule 21, § 7.11. Clearly then, contrary to the plaintiff's contention, Rule 21 of the Rules of the Tennessee Supreme Court does provide for a pre-deprivation remedy for the suspension of a law license. The plaintiff has alleged that he requested a hearing with the Commission on the issue of the actual content of the CLE course versus the program description of the course by the CLE provider but that his request for a hearing was denied. Docket Entry No. 20 at pg. 5, ¶ 14. Apparently, though, he did not then petition the Tennessee Supreme Court as allowed

---

[4] "Payment of all fees imposed in this section shall be a requirement for compliance with this Rule". Rule 21, § 7.09 of the Rules of the Tennessee Supreme Court.

by Rule 21.[5] As a consequence, he failed to avail himself of every opportunity provided by Rule 21 to challenge the impending suspension of his law license. Rule 21, then, by its terms, does provide for notice and a hearing sufficient to satisfy the requirements of the Due Process Clause.

**B.) Equal Protection**

The plaintiff has also alleged that Rule 21 is violative of the right of Tennessee attorneys to the equal protection of the law. Docket Entry No. 20 at pg. 7, ¶ 18. More specifically, he contends that Rule 21 denies Tennessee attorneys the same notice and hearing available to other professionals prior to the suspension of their licenses.

The Equal Protection Clause prohibits states from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." Radvansky v. City of Olmstead Falls, 395 F.3d 291, 312 (6th Cir. 2005). As noted above, Rule 21 does provide Tennessee attorneys with notice and hearing prior to the suspension of a law license. Accordingly, attorneys in Tennessee are not treated differently than other licensed professionals and plaintiff's equal protection claim fails for that reason.

**C.) Motion to Repeal Local Rule 83.01(e)(2)**

The plaintiff has moved the Court to repeal its Local Rule 83.01(e)(2). The rule provides for the suspension from practice before this Court of any attorney who "has been disbarred or suspended

---

[5] In their cross Motions for Summary Judgment, the parties debate the applicability of the Tennessee Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq. This legislation sets forth the requirements for due process prior to the summary suspension of a professional license in Tennessee. § 4-5-320(d)(1). Having determined that the plaintiff did have notice and an opportunity to respond prior to the suspension of his law license, the question of whether the Tennessee Administrative Procedures Act is applicable to this situation has been rendered moot.

8

from practice of law by the Disciplinary Board of the Supreme Court of Tennessee or the courts or disciplinary bodies of any other state, or has been convicted of any crime involving moral turpitude in this or any other court ......". The plaintiff believes that the summary suspension from practice before this Court envisioned by the rule is violative of due process.

The plaintiff's law license was never actually suspended by the Tennessee Supreme Court. Therefore, the plaintiff was never threatened with a summary suspension from practice before this Court pursuant to Local Rule 83.01(e)(2). Thus, he lacks standing to challenge the rule in question. Moreover, the only defendant left in this lawsuit is David Shearon who, as Executive Director of the Commission, has no authority or imput over the enactment or enforcement of the local rules of a federal district court. Consequently, there is no defendant in this action from whom this relief can be provided. Consequently, plaintiff's motion to repeal has no merit and should be denied.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the plaintiff's Motion for Summary Judgment lacks merit and should be DENIED. It is further RECOMMENDED that plaintiff's Motion to Repeal Local Rule 83.01(e)(2) also be DENIED. The defendant's Motion for Summary Judgment should be GRANTED and this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order

regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

_____
Joe B. Brown
United States Magistrate Judge