## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID E. DANNER, ESQ.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:06-0687** |
| | ) | **Judge Echols** |
| **COMMISSION ON CONTINUING** | ) | |
| **LEGAL EDUCATION AND** | ) | |
| **SPECIALIZATION OF THE** | ) | |
| **TENNESSEE SUPREME COURT, and** | ) | |
| **DAVID SHEARON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on a Report and Recommendation ("R&R") (Docket Entry

No. 65) in which the Magistrate Judge recommends granting Defendant David Shearon's Motion

for Summary Judgment (Docket Entry No. 43), denying Plaintiff's Motion to Repeal Local Rule

83.01(e)(2) (Docket Entry No. 52), denying Plaintiff's Motion for Summary Judgment (Docket

Entry No. 60), and dismissing this action. Plaintiff, pro se, has filed an "Objection to Report and

Recommendation" (Docket Entry No. 66).

Where a party makes timely objections to a Report and Recommendation, the Court "shall

make a *de novo* determination of the matter and may conduct a new hearing, take additional

evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

consideration, conduct conferences with counsel for the affected parties, and receive additional

arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). This Court's

*de novo* review leads it to conclude the Magistrate Judge appropriately set out the arguments and

positions of the parties and correctly applied the law to the facts of this case.

Plaintiff's objections are mainly a rehashing of the arguments raised in opposition to

Defendant Shearon's Motion for Summary Judgment and those made in support of his own Motion

for Summary Judgment. Each of those arguments was properly considered and correctly resolved by the Magistrate Judge.

Plaintiff claims the R & R is objectionable because it recommends denial of Plaintiff's Motion to Repeal Local Rule 83.01(e)(2) which provides that one who has been suspended or disbarred from the practice of law by the Disciplinary Board of the Supreme Court of Tennessee shall be suspended from practice before this Court unless he or she shows good cause to the contrary. Plaintiff claims that the Court should sua sponte repeal Local Rule 83.01(e)(2) based upon the Sixth Circuit's decision in In re Buffalo, 370 F.2d 447 (6th Cir. 1966).

Actually, the name of the case is In Re Ruffalo. Moreover, the decision of the Sixth Circuit that Petitioner in that case should be disbarred from the practice of law based solely upon findings of the Ohio Supreme Court was reversed by the Supreme Court. In re Ruffalo, 390 U.S. 544 (1968).

In any event, this case is not like In Re Ruffalo. As the Magistrate Judge correctly observed, Plaintiff was never suspended from the practice of law by the Tennessee Supreme Court and therefore he was never threatened with a summary suspension from this Court under Local Rule 83.01(e)(2). Further, the only remaining Defendant in this action is David Shearon, the Executive Director of the Tennessee Commission on Continuing Legal Education and Specialization ("Commission"), and he is not a Defendant against whom relief could be granted since he has no input into the application or implementation of this Court's Local Rules.

"It is a fundamental principle of American jurisprudence that before a party may bring a case before a court, he must have standing to do so," and this applies to challenges to Local Rules of practice. Nat'l Assoc. for Advancement of Multijuridiction Practice v. Gonzalez, 211 Fed. Appx. 91, 94 (3d Cir. 2006). "[T]he irreducible constitutional minimum of standing contains three elements" a plaintiff must prove, and those are injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff has established none of these elements.

Plaintiff also challenges the Magistrate Judge's conclusion regarding the application of

Rule 21 of the Rules of the Tennessee Supreme Court relating to suspensions for failure to comply

with Continuing Legal Education ("CLE") requirements. The Magistrate Judge accurately

summarized the applicable Rule as follows:

> As dictated by § 7.07 of Rule 21, when an attorney in Tennessee fails to
> timely satisfy his annual CLE obligation and pay all requisite fees, he is subject to
> the suspension of his license to practice law. Before the suspension of his license,
> however, the Commission is required to provide the lawyer with notice of his
> deficiency. Rule 21, § 7.02. The attorney is then given an opportunity to cure the
> deficiency and notify the Commission of his compliance. Id. at § 7.04. If the attorney
> still has not met his CLE obligation, the Commission annually will draft a
> "Suspension Order to the Supreme Court for informational purposes", a copy of
> which is sent to the delinquent lawyer. Id. at § 7.05. All attorneys listed in the draft
> Suspension Order may then file an affidavit with the Commission showing
> completion of the CLE requirement. Id. at § 7.06. If no such affidavit is forthcoming,
> a final Suspension Order is sent to the Supreme Court for consideration. Id. at § 7.07.

(Docket Entry No. 65 at 6).

In this case, Plaintiff does not challenge the Magistrate Judge's summary of Rule 21 or

Plaintiff's effort to comply with that Rule and the Commission's response to that effort. Instead he

objects because the Magistrate Judge categorized Section 7.11 of Rule 21 as allowing for a pre-

deprivation hearing when in fact lawyers face suspension without a pre-deprivation hearing. In

Plaintiff's view, this post-deprivation hearing violates due process.

Leaving aside that Plaintiff was never suspended because he paid the delinquent non-

compliance fee, Section 7.11 is not couched merely in terms of a post-deprivation hearing. Instead,

that Section reads:

> An attorney may request a hearing before the Commission in regard to a
> recommendation of suspension or a recommendation against reinstatement.
> Additionally, any attorney not finding suitable relief before the Commission may
> petition the Supreme Court for modification or reversal of actions of the
> Commission.

Rule 21, § 7.11 of the Rules of the Tennessee Supreme Court.

While Plaintiff claims he was threatened with suspension of his license before any hearing, the fact remains that his license was not suspended. When the Commission allegedly told him that it would not hold a hearing on his challenge to the Commission's refusal to credit him with certain hours for CLE, Plaintiff did not challenge that decision before the Tennessee Supreme Court as provided for in Rule 7.11.

"Due process is flexible and calls for such procedural protections as the particular situation demands.'" Mathews v. Eldridge, 424 U.S. 319, 334 (1976)(citation omitted). "At a minimum, however, '[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'" Neinast v. Bd. of Trustees of Columbus, 346 F.3d 585, 597 (6th Cir. 2003)(quoting, Goss v. Lopez, 419 U.S. 565, 579 (1975)).

Considering the summary judgment record, the Court finds that Rule 21 of the Tennessee Supreme Court provides due process in that it requires notice and allows for an opportunity to be heard before the suspension or revocation of a law license. See, Matter of Smith, 939 P.2d 422, 424 (Ariz. 1997)(upholding against due process and equal protection challenge Arizona rule which provided for summary suspension for non-compliance with CLE requirements where lawyers were sent notice and could comply by filing an affidavit of delinquent compliance). Accordingly, Plaintiff's objections relating to the Magistrate Judge's analysis of Rule 21 will be overruled.

Prior to closing, the Court notes that Defendant Shearon has filed a response to Plaintiff's Objection, stating he has no objection to the R & R. However, he asserts the R & R does not resolve the "important issue" of whether "plaintiff or any other attorney is entitled to a pre-deprivation hearing for the purpose of debating matters of policy" that lie "within the discretion of the CLE Commission." (Docket Entry No. 68 at 1-2). In this case, the Court need not resolve the issue of whether the Commission complies with the mandate of Rule 21 where an attorney raises a matter of policy, because the record shows the Rule requires pre-deprivation notice, which Plaintiff

received in this case, and provides for the opportunity to be heard ultimately by the Supreme Court, which Plaintiff did not pursue.

Based on the foregoing, the Court rules as follows:

(1)  the R&R (Docket Entry No. 65) is hereby APPROVED and ADOPTED;

(2)  Plaintiff's Objection to Report and Recommendation (Docket Entry No. 66) is hereby OVERRULED;

(3)  Defendant Shearon's Motion for Summary Judgment (Docket Entry No. 43) is hereby GRANTED;

(4)  Plaintiff's Motion to Repeal Local Rule 83.01(e)(2) (Docket Entry No. 52) is hereby DENIED;

(5)  Plaintiff's Motion for Summary Judgment (Docket Entry No. 60) is hereby DENIED; and

(6)  This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure

58 and 79(a).

It is so ORDERED.


_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE